# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 7, 2020

* * * * * * * * * * * * *    *
CHASE BOATMON *and* MAURINA    *
CUPID, *Parents of* J.B., *deceased*,    *    UNPUBLISHED
    *
            Petitioner,    *    No. 13-611V
    *    Special Master Gowen
v.    *
    *    Attorneys' Fees and Costs
SECRETARY OF HEALTH    *
AND HUMAN SERVICES,    *
    *
            Respondent.    *
* * * * * * * * * * * * *    *

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for Petitioners.
Robert P. Coleman, III, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 24, 2019, Chase Boatmon and Maurina Cupid ("Petitioners") filed a motion for attorneys' fees and costs. Petitioners' Motion for Attorney Fees ("Fees App.") (ECF No. 107). For the reasons discussed below, I **GRANT** Petitioners' motion for attorneys' fees and costs and awards a total of **$92,943.91**.

## I.    Procedural History

On August 27, 2013, Petitioners filed a petition in the National Vaccine Injury Compensation Program as the representatives of the estate of their deceased minor child, J.B.[2] Petitioners alleged that as a result of receiving vaccinations for Diphtheria-Tetanus-acellular

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Pertussis ("DTaP"), inactivated polio ("IPV"), haemophilus influenzae ("HiB"), Pneumococcal Conjugate ("PCV"), and Rotavirus vaccinations on September 2, 2011, J.B. passed away from Sudden Infant Death Syndrome ("SIDS") on September 2, 2011. *See* Petition (ECF No. 1). On July 10, 2017, I issued my entitlement decision in which I found that Petitioners were entitled to compensation.

After several months of settlement discussions concerning damages, on February 1, 2018, Respondent filed a motion for review of the entitlement decision. ECF No. 89. Oral argument was held on June 5, 2018, and on July 3, 2018, the Court of Federal Claims judge issued his decision granting Respondent's motion for review and dismissing the petition. ECF No. 101. Following appeal by Petitioners to the Court of Appeals for the Federal Circuit, the Court of Federal Claims decision was affirmed. ECF No. 105.

On December 24, 2019, Petitioners filed a motion for final attorneys' fees and costs. Petitioners request compensation for their attorneys at Conway, Homer, P.C. in the total amount of $92,943.91, representing $84,167.80 in attorneys' fees and $8,776.11 in costs. Fees App. at 1-2. Pursuant to General Order No. 9, Petitioners warrant they have not personally incurred any costs in pursuit of their claim. *Id.* at 2. Respondent reacted to the fees motion on January 7, 2020, stating that "Respondent defers to the Court to determine whether the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 110). Petitioners did not file a reply thereafter.

The matter is now ripe for adjudication.

II.    **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, I have no doubt that an award of final attorneys' fees and costs is proper. I already found the claim had reasonable basis when awarding Petitioners' interim attorneys' fees and costs on May 18, 2016, and the work of counsel on the appeals was reasonable (and, at least in the case of the appeal to the Court of Federal Claims, necessary). Accordingly, a final award of attorneys' fees and costs in this case is proper.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a.    **Attorneys' Fees**

I have reviewed the rates requested by Petitioners for the work of their counsel at Conway, Homer, P.C. (the billing records reflect that the majority of attorney work was performed by Mr.

Joseph Pepper, with supporting work done by Mr. Ronald Homer, Ms. Christina Ciampolillo, Ms. Lauren Faga, Ms. Meredith Daniels, and Mr. Patrick Kelly) and I find the rates requested herein to be consistent with what these attorneys have previously been awarded for their Vaccine Program work and reasonable in light for the work performed in this case.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioners are entitled to final attorneys' fees of **$84,167.80**.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request total attorneys' costs in the amount of $8,776.11. This amount is comprised of postage, travel costs to attend oral argument, and costs associated with preparing materials for the appeals process. Petitioners have provided adequate documentation supporting all of the requested costs, and all appear reasonable in my experience. Petitioners are therefore entitled to the full amount of costs sought.

### III. Conclusion

In accordance with the foregoing, Petitioners' motion for attorneys' fees and costs is **GRANTED**. I find that Petitioners are entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $84,167.80 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$84,167.80** |
| | |
| Attorneys' Costs Requested | $8,776.11 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$8,776.11** |
| | |
| **Total Attorneys' Fees and Costs** | **$92,943.91** |

**Accordingly, I award a lump sum in the amount of $92,943.91, representing reimbursement for Petitioners' attorneys' fees and costs, in the form of a check payable to Petitioners and their attorney, Mr. Ronald Homer.[3]**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).